UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:11-cr-81-J-34JBT

KESSLER HOLZENDORF

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion to Suppress Discovery Obtained by Improper Use of Grand Jury and Received after Return of Indictment, Discovery of Grand Jury Testimony Submitted to Grand Jury and Incorporated Memorandum of Law ("Motion") (Doc. 73) and the United States' Response in Opposition thereto ("Response") (Doc. 79). The Court heard oral argument on the Motion on December 9 and 12, 2011. (*See* Docs. 82, 85, 93, 94.) For the reasons set forth herein, the undersigned recommends that the Motion be **DENIED**.

**I.  Requested Relief and Summary of Recommendation**

In the Motion, Defendant seeks an order:

(1) suppressing any records and/or evidence obtained by a grand jury subpoena *duces tecum* following the return of the Indictment against Defendant on

---

[1] Within fourteen days after service of this document, specific, written objections may be filed in accordance with 28 U.S.C. § 636, Rule 59, Federal Rules of Criminal Procedure, and Rule 6.02(a), Local Rules, United States District Court, Middle District of Florida. Failure to file a timely objection waives a party's right to review. Fed. R. Crim. P. 59.

1

April 13, 2011;

(2) suppressing any records and/or evidence obtained by a grand jury subpoena issued after the return of the Indictment against Defendant on April 13, 2011;

(3) suppressing any evidence obtained as a result of the suppressed evidence; and

(4) requiring production of:

(a) the grand jury subpoena *duces tecum* to MortgageIT for production of documents related to Christopher Reid, 6343 Country Crest Lane, correspondence to and from MortgageIT, items produced, and date of production[2];

(b) the grand jury transcript of April 13, 2011, the government's presentation of the summary evidence, presentment of proposed indictment of Defendant to the grand jury, and any allocution by the prosecutor asking the Grand Jury to consider whether to return an indictment; and

(c) any grand jury transcript post-Indictment of Defendant of proceedings regarding investigation of new offenses against Defendant or others beyond those in the Indictment. (Doc. 73.)

Because the Court holds that Defendant has not carried his "burden of showing that the [g]overnment's use of the grand jury was improperly motivated,"

---

[2] At the hearing, the government agreed to produce the MortgageIT subpoena and lender file.

*United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1214 (11th Cir. 2009), the Court does not find an abuse of the grand jury process. Therefore, the undersigned recommends that the Motion be denied.

**II.   Background**

On April 13, 2011, the federal grand jury sitting in the Jacksonville Division of the United States District Court for the Middle District of Florida, returned a thirty-one-count Indictment against Defendant. (Docs. 1, 1-1.) The charges against Defendant are for conspiracy to commit mail and wire fraud (Count One), mail fraud (Counts Two through Sixteen), and wire fraud (Counts Seventeen through Thirty-One). (Doc. 1.)

The government represents in its Response that prior to the return of the Indictment, the United States Attorney's Office ("USAO") assigned a number for the matter involving, *inter alia*, Defendant and Mark Gruszecki, which is 2009R0473. (Doc. 79 at 2.) Subsequently, the USAO opened a separate matter (2011R0725) only for Defendant, and additional matters (2009R03323 and 2009R03324) for additional subjects, against whom no indictment has been returned. (*Id.*) The individuals in the additional matters (2009R03323 and 2009R03324), together with Defendant, Mr. Gruszecki, and others involved in other grand jury matters, are believed to be co-conspirators. (*Id.*)

In one of the additional matters (2009R03323), the grand jury issued two subpoenas, and in the other additional matter (2009R03324), the grand jury issued

3

one subpoena. (Docs. 73-1; 73-2; 73-3; 79 at 3.) The subpoenas in 2009R03323 were issued on March 15, 2011 and March 16, 2011, respectively, and were returnable on April 14, 2011. (Docs. 73-1 & 73-2.) The subpoena in 2009R03324 was issued on April 22, 2011, and was returnable on May 25, 2011. (Doc. 73-3.) The three subpoenas, which sought lender files for properties allegedly purchased as part of the charged conspiracy, are presently at issue. (See Docs. 73-1, 73-2, 73-3.)

### III. Discussion

#### A. The Parties' Contentions

Defendant argues that the government abused the grand jury process by obtaining evidence through the three subpoenas after the return of the Indictment against him on April 13, 2011. (Doc. 73 at 5.) He contends that the prosecution used the subpoenas to continue to obtain evidence "solely, or perhaps primarily, to obtain additional evidence against [him] post-indictment to prepare for trial . . . because the prosecutor's improperly subpoenaed and collected evidence relates only to the offenses charged in the indictment." (*Id.* at 6.) Defendant asserts that "there has not been any ongoing grand jury investigation of himself or others for new crimes" based on the lender files in question. (*Id.* at 9-10.)

The government responds that the subpoenas in question were issued in two separate grand jury matters. (Doc. 79 at 1.) The government explains that the subpoenaed information relates to the conspiracy that both Defendant and those

4

unindicted conspirators were allegedly involved in. (*Id.* at 5.)

## B. Standard

In this Circuit:

> A defendant claiming grand jury abuse 'has the burden of showing that the [g]overnment's use of the grand jury was improperly motivated.' While the grand jury cannot be used 'solely or even primarily' to gather evidence against an indicted defendant, it can be used to investigate whether a defendant [or others] committed crimes not covered in the indictment.

*US Infrastructure*, 576 F.3d at 1214 (internal citations omitted).

The grand jury is "an investigatory body charged with the responsibility of determining whether or not a crime has been committed." *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991).

> [T]he grand jury can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not. The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred . . . A grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.

*Id.* (internal citations and quotation marks omitted). Further:

> [T]he law presumes, *absent a strong showing to the contrary*, that a grand jury acts within the legitimate scope of its authority. When it is shown that a subpoena might assist the grand jury in its investigation, the subpoena should issue, even though the prosecutor possibly will use the information procured for a purpose other than obtaining evidence for the particular grand jury investigation. Although the government may not use a grand jury for discovery concerning a pending prosecution, it may continue an investigation from which information relevant to a pending prosecution may be an incidental

5

benefit.

*United States v. Alred*, 144 F.3d 1405, 1413 (11th Cir. 1998) (internal citations and quotation marks omitted) (emphasis added). *See also United States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977) (stating that "prosecutorial agents may not use the Grand Jury for the primary purpose of strengthening its [sic] case on a pending indictment or as a substitute for discovery, although this may be an incidental benefit"); *Beverly v. United States*, 468 F.2d 732, 743 (5th Cir. 1972) (same).

The timing of a subpoena "casts significant light on its purposes." *United States v. Raphael*, 786 F. Supp. 355, 359 (S.D.N.Y. 1992). In *Raphael*, "that light raise[d] a significant question," because the subject grand jury subpoenas were served "after indictment while preparing for a third attempt at trying the defendant." *Id.* Although the court ordered the government to turn over the grand jury transcripts for an *in camera* examination, it cautioned that "the Grand Jury does indeed paint with a broad brush," *id.*, and "absent some indicative sequence of events demonstrating an irregularity, a court has to take at face value the [g]overnment's word that the dominant purpose of the Grand Jury proceedings is proper," *id.* at 358.

**C. Analysis**

Defendant has not made any significant showing, much less a "strong" one, to overcome the presumption of regularity in the grand jury proceedings. Defendant merely asserts that the lender files subpoenaed relate to properties in the Indictment against him, and that they are important evidence in this case. However, Defendant

6

also acknowledges that such lender files were not admitted into evidence in the trials of two co-conspirators, Timothy Miller and Christopher Reid. (Holz Tr. 97.) In short, Defendant's assertion of grand jury abuse is just that -- an assertion.

The Court finds nothing suspicious in the timing of the issuance of the subject subpoenas or otherwise to indicate any improper purpose or motivation on the government's part. If anything, the timing of the issuance and return dates on the subject subpoenas tend to indicate that there was no improper motivation, because all of the relevant dates are very close to the return of the Indictment in this case on April 13, 2011. It appears that the government, if it so chose, could have issued, and have returned, the subject subpoenas before the grand jury who indicted Defendant. There appears to be no reason for the government to have used other grand juries as a subterfuge to obtain evidence against Defendant. Thus, this case is readily distinguishable from the rare instances in which there was a strong showing made of improper motivation regarding the government's use of the grand jury.[3] *See Raphael*, 786 F. Supp. at 358-59 (citing In re *Grand Jury Subpoena Duces Tecum Dated January 2, 1985* (*Simels*), 767 F.2d 26, 29 (2d Cir. 1985), and *United States v. Kovaleski*, 406 F. Supp. 267, 270-71 (E.D. Mich. 1976)). Because the Court finds no grand jury abuse, it need not decide the separate issue whether suppression is

---

[3] Moreover, although the Court was not required to do so, the undersigned did review *in camera* a transcript of the grand jury proceedings of April 13, 2011, relating to the Indictment, as well as transcripts of other grand jury proceedings relating to the charged conspiracy, and finds nothing in any of these transcripts indicative of improper purpose or grand jury abuse.

an appropriate remedy for any such abuse.

Defendant also seeks the grand jury transcripts, subpoenas, and correspondence to and from the lenders to "further confirm the scope and abuse of the grand jury" and to confirm that neither this grand jury nor any other grand jury in this Division "conducted an ongoing investigation of [Defendant] or others of new offense with this evidence." (Doc. 73 at 7, 11.) He contends that since he has shown a "substantial likelihood" of grand jury irregularity, he has met the requirement of "particularized need" to obtain grand jury materials. However, as previously discussed, he has made no such showing, and is not entitled to discovery of grand jury materials.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Motion (**Doc. 73**) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on December 20, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record