**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    Case No. 3:11-cr-81-J-34JBT

KESSLER HOLZENDORF
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Joel B. Toomey's Report and Recommendation (Doc. No. 95; Report), entered on December 20, 2011. In the Report, Magistrate Judge Toomey recommends that Defendant Kessler Holzendorf's Motion to Suppress Discovery Obtained by Improper Use of Grand Jury and Received After Return of Indictment, Discovery of Grand Jury Testimony Submitted to Grand Jury and Incorporated Memorandum of Law (Doc. No. 73) be denied. See Report at 1. Defendant filed his objection to the Report on January 3, 2012. See Kessler Holzendorf's Appeal and Objections to Magistrate Judge's Report and Recommendation (Doc. 95) (Doc. No. 97; Objection). The Government filed its response in opposition to Defendant's Objection on January 10, 2012. See United States' Response in Opposition to Defendant's Objections to Magistrate's Report and Recommendation (Dkt. #95), Recommending Denial of Motion to Suppress Discovery Obtained by Improper Use of Grand Jury and Received After Return of Indictment, Discovery of Grand Jury Testimony Submitted to Grand Jury (Doc. No. 102; Response). Thereafter, Defendant filed a supplement to his Objection. See Defendant's Supplement to Kessler Holzendorf's Appeal and Objections to Magistrate Judge's Report

and Recommendation (Doc. 95) (Doc. No. 115; Supplement). Accordingly, the matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2]  Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

recommendation is required only where an objection is made[3], the Court always retains the authority to review such a recommendation in the exercise of its discretion.  See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Matthews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon careful consideration and independent review of the record, the Court will overrule Defendant's Objection, and accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby **ORDERED**:

1. Kessler Holzendorf's Appeal and Objections to Magistrate Judge's Report and Recommendation (Doc. 95) (Doc. No. 97) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 95) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress Discovery Obtained by Improper Use of Grand Jury and Received After Return of Indictment, Discovery of Grand Jury Testimony Submitted to Grand Jury and Incorporated Memorandum of Law (Doc. No. 73) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of September, 2012

*[signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

---

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

lc17
Copies to:

Counsel of Record